IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| RONALD TIMOTHY BURKSTED, § | |
| § | |
| Movant, § | |
| § | |
| V. § | CRIMINAL ACTION NO. V-04-19 |
| § | CIVIL ACTION NO. V-05-118 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Ronald Timothy Burksted's ("Burksted") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 84),[1] on which the Court held an evidentiary hearing on September 3, 2008. After considering the testimony presented, Burksted's arguments, the record, and the applicable law, the Court is of the opinion that Burksted's Motion to Vacate, Set Aside, or Correct Sentence should be denied.

**Factual & Procedural Background**

A summary of the events giving rise to this action has been set forth in a previous Order of this Court entered on July 15, 2008. Dkt. No. 104. Additional facts relevant to the adjudication of this matter are provided below.

Following a plea of guilty, the Court sentenced Burksted to 168 months imprisonment. Dkt. No. 76. Burksted failed to appeal his conviction or sentence. In June of 2005, Burksted sent a letter to the Court asking about the status of his case including an inquiry into "whether my attorney Reynaldo Pena filed notice of appeal." Dkt. No. 82.

---

[1] Citations in this Order refer to Criminal Action No. V-04-19.

Burksted later filed the instant § 2255 motion raising a single issue: whether his attorney rendered ineffective assistance of counsel for failing to file an appeal upon Burksted's alleged request to do so. In Burksted's motion, he claimed that in an effort to postpone his sentence, or the finality thereof, pending the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005), he employed several tactics including a request that his attorney appeal his sentence immediately after its issuance.

In response to a Court order, *see* Dkt. No. 92, Burksted's court-appointed attorney, Reynaldo Pena ("Pena"), produced an affidavit accounting for his version of the events underlying Burksted's motion. Pena's affidavit contained statements which wholly contradicted Burksted's contention that he asked Pena to appeal his case. *See* Dkt. No. 93. The relevant assertions therein were summarized in the Court's July 15, 2008 Order. *See* Dkt. No. 104. Also pursuant to a Court order, *see* Dkt. No. 94, Burksted filed a response to Pena's affidavit, in which he essentially parroted the allegations set forth in his § 2255 motion. *See* Dkt. No. 103.

The Court, faced with competing versions of the events in question, the resolution of which would turn on the credibility of the parties, was unable to conclusively determine from the record that Burksted was not entitled to relief. Accordingly, the Court ordered an evidentiary hearing to be held on September 3, 2008. Dkt. No. 104.

Burksted was represented at this hearing by Roland Carlson ("Carlson"). Carlson called Burksted as a witness, and under direct and cross-examination—as well as additional questioning from the Court—Burksted presented his version of the events in question. In response, the Government called Pena as a witness, and in similar fashion, he testified as to his recollection of the facts in dispute. The testimony delivered by Burksted and Pena mirrored that which the previous

pleadings revealed: Burksted claimed he requested his attorney to file a notice of appeal of his behalf whereas Pena swore to the contrary.

**Standard**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

**Discussion**

As noted, Burksted's sole ground for relief is that Pena's failure to file an appeal based on Burksted's explicit instruction to do so constituted ineffective assistance of counsel. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court laid out the basic framework for evaluating ineffective assistance of counsel claims. To succeed on an ineffective assistance claim a movant must make two showings. First, he must demonstrate that his lawyer's performance was so derelict that "counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* at 687. Then he must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The Court elaborated on this standard in *Lockhart v. Fretwell*, 506 U.S. 364 (1993), holding that "[u]nreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law

3

entitles him," even if the outcome of the trial might have been different but for counsel's errors. *Id.* at 372.

The Supreme Court has stated that it is professionally unreasonable for a lawyer to disregard a defendant's specific instructions to file a notice of appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Rodriquez v. United States*, 395 U.S. 327 (1969)). The Supreme Court has also noted that a defendant who explicitly tells his attorney not to file an appeal cannot later complain that, by following those instructions, his counsel performed deficiently. *Id.* (citing *Jones v. Barnes*, 463 U.S. 745, 751 (1983)).

After hearing the testimony of Burksted and Pena at the evidentiary hearing, the Court finds Pena to be the more credible witness. In addition to the obvious motivation for fabrication, Burksted's testimony contained significant inconsistencies greatly undermining his credibility. For example, on numerous occasions Burksted claimed that based on advice from Pena he believed he would be facing an approximate sentence of five years for pleading guilty to his drug trafficking offense. With similar consistency, Burksted testified that he had not seen or otherwise discussed with Pena his Presentence Investigation Report ("PSI"), which classified Burksted as a career offender and recommended an upward departure from the sentencing guideline range based on the nature of his prior criminal convictions and other relevant conduct he had not been prosecuted for. However, despite his contention that he was clueless as to the contents of his PSI and the recommendations made therein, Burksted testified that—before his sentence was determined by the Court—he and Pena planned to appeal his sentence based on the possibility that it would be well over the five years his drug offense would normally have warranted. Burksted repeatedly maintained

that despite the fact that Pena filed several objections to the PSI, some of which the Court granted, he was unaware of the document and its contents.

Thus, Burksted essentially testified that his state of mind going into his sentencing was as follows: he was concerned that his sentence may be well above five years while at the same time he was completely oblivious to the contents of his PSI—the source of such a potentially elevated sentence. Gently stated, Burksted's position strikes the Court as puzzling. The most plausible explanation for Burksted's pre-sentence plan to appeal is that he had indeed reviewed his PSI with Pena, and fearful of the potential upward departure, plotted to appeal his sentence in the event the Court determined that an upward departure was appropriate. This deduction is reinforced by Pena's testimony, which is greatly corroborated by the circumstances surrounding Burksted's sentencing.

Pena credibly testified that at the outset of this case he advised Burksted that the quantity of drugs for which he was being prosecuted carried with it an approximate five year term of incarceration. This advice, however, was given before Pena had learned of Burksted's criminal history, a history which Burksted apparently concealed from Pena. Pena further testified that upon receipt of the PSI, and the determination that Burksted was correctly classified as a career offender, the appropriate sentencing range was 151-188 months incarceration. The PSI also advised the Court that based on the heinous nature of Burksted's prior crimes, and several other alleged criminal violations for which Burksted either had not, or had not yet, been prosecuted for, it may wish to upwardly depart from the guideline range. Pena vowed that he reviewed the PSI with Burksted and he was aware of the proposed departure. Pena testified that it was the potential upward departure that prompted the pre-sentence appellate discussions between him and his client.

The Court, however, did not upwardly depart from the applicable sentencing guideline range. Instead, the Court sentenced Burksted to 168 months, a term in the middle of the range. At the evidentiary hearing, Burksted claimed that after the declaration of his sentence, he was immediately taken into custody, removed from the courtroom, and at no time spoke with his attorney. To the contrary, Pena testified that immediately after the Court's imposing the sentence, Pena and Burksted spoke briefly and Burksted initially expressed a desire to appeal. Pena reported that he then reminded Burksted that the sentence, although lengthy, was neither at the high end of nor above the guideline sentencing range. Based on the relatively moderate sentence handed down by the Court, Pena claimed that he recommended Burksted not appeal. Pena declared that after this discussion, Burksted expressly stated to Pena he was satisfied with his sentence and did not wish to appeal. The facts surrounding Burksted's sentence strongly support Pena's testimony and further reflect the inconsistencies littered throughout that delivered by Burksted. Therefore, based on the circumstances, the Court finds Pena to be the more credible witness.

Moreover, the Court finds Burksted's June 2005 letter unimpressive. Consistent with the incongruous and often evasive nature of Burksted's responses during the evidentiary hearing, Burksted's letter seems to be nothing more than an attempt to "doctor the record" with information that might support his § 2255 motion. Burksted's efforts are to no avail.

Discounting the testimony delivered by Burksted, and crediting that presented by Pena, the Court concludes that Pena properly consulted with Burksted and that Burksted expressly indicated that he did not wish to pursue an appeal. Based on these findings, Pena cannot be held ineffective for failing to file a notice of appeal. *Flores-Ortega*, 528 U.S. at 477. Accordingly, Burksted is not entitled to an out-of-time appeal and his § 2255 motion is denied.

**Certificate of Appealability**

Under 28 U.S.C. § 2253, Burksted must obtain a certificate of appealability ("COA") before he can appeal this Order dismissing his motion. To obtain a COA, Burksted must make a substantial showing of the denial of a constitutional right. *Cannon v. Johnson*, 134 F.3d 683, 685 (5th Cir. 1998). To make such a showing, Burksted must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Order, Burksted has not made a substantial showing of the denial of a constitutional right. The issuance of a COA in this action is denied.

**Conclusion**

For the foregoing reasons, Burksted's Motion Under 28 U.S.C. § 2555 To Vacate, Set Aside, or Correct Sentence is **DENIED**. A Certificate of Appealability shall not issue.

It is so **ORDERED**.

Signed this 17th day of September, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE